IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| James Charles Calwile, #299166,    ) | |
| ) | Civil Action No. 6:07-3100-HMH-WMC |
| Petitioner,    ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs.                                 ) | |
| ) | |
| Richard Bazzle,                    ) | |
| ) | |
| Respondent.    ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**BACKGROUND OF THE CASE**

The record reveals that the petitioner is currently confined in the Perry Correctional Institution of the South Carolina Department of Corrections (SCDC), as the result of his Greenville County conviction for burglary in the first degree. The Greenville County grand jury indicted the petitioner at the October 2002 term of court for burglary in the first degree (02-GS-23-8887). Attorney Dorothy A. Manigault represented him on this charge. On January 14, 2004, the petitioner received a jury trial before the Honorable C. Victor Pyle. The jury found him guilty as charged, and Judge Pyle sentenced him to the

mandatory minimum sentence 15 years imprisonment. The petitioner did not appeal his conviction or sentence.

The petitioner filed a *pro se* post-conviction relief (PCR) application (04-CP-23-2736) dated April 27, 2004, in which he alleged the following grounds for relief:

(1) Counsel failed to file a timely Notice of Appeal

(2) Ineffective Assistance of Counsel

(3) Erroneous advise was given concerning trial and evidence.

The State filed its return on August 6, 2004.

The Honorable John C. Few held an evidentiary hearing into the matter on December 13, 2004, at the Greenville County Courthouse. The petitioner was present at the hearing and represented by attorney Rodney Richey. Assistant Attorney General Karen Ratigan represented the State. The petitioner testified on his own behalf, and he presented the testimony of trial counsel, Ms. Manigault. The State did not present any witnesses.

On February 14, 2005, Judge Few filed an order of dismissal, in which he denied relief and dismissed the application with prejudice. The order of dismissal addressed the petitioner's allegations that trial counsel was ineffective because she failed to (1) adequately investigate the case (particularly how the prosecution obtained his blood and palm print) or talk with potential witnesses; and (2) perfect an appeal though the petitioner requested him to do so. The order discusses the testimony by the petitioner and his trial attorney concerning counsel's failure to move to suppress the blood evidence but did not expressly rule thereon.

A timely notice of appeal was served and filed on February 16, 2005.[1] Acting Chief Deputy Wanda H. Carter of the South Carolina Office of Appellate Defense represented him in collateral appellate proceedings before the South Carolina Supreme Court and the South Carolina Court of Appeals.[2]  On December 8, 2005, Ms. Carter filed a *Johnson* petition for writ of certiorari on the petitioner's behalf[3] and moved to be relieved as counsel.  The only question presented in the *Johnson* petition was stated as follows:

> The PCR court erred in denying Petitioner's allegation that he did not voluntarily and intelligently waive his right to a direct appeal.

The petitioner filed a "Pro Se Petition for Writ of Certiorari," in response to the *Johnson* petition, on April 11, 2006, raising two issues:

> (1)    Did [the] Circuit Court have personal and subject matter jurisdiction to obtain evidence from petitioner?

---

[1]The petitioner thereafter submitted a Rule 59(e), SCRCP, motion *pro se*. The Greenville County Clerk of Court erroneously filed this document on March 1, 2005, since this pleading was untimely and submitted well after the notice of appeal was filed. *See* Rule 59(b), (e), SCRCiv.P.; Rule 205, SCACR ("Upon the service of the notice of appeal, the appellate court shall have exclusive jurisdiction over the appeal; the lower court shall have jurisdiction to entertain petitions for writs of supersedeas as provided by Rule 225. Nothing in these Rules shall prohibit the lower court, commission or other tribunal from proceeding with matters not affected by the appeal"). Further, it would have been improper for the PCR court to address the motion even if it had been timely because the petitioner was represented by counsel on his state habeas petition and South Carolina does not recognize a right to "hybrid representation," either in collateral proceedings, *Foster v. State*, 298 S.C. 306, 379 S.E.2d 907 (1989) (PCR petitioner, represented by counsel, did not have any right to hybrid representation); *see also Koon v. Clare*, 338 S.C. 423, 527 S.E.2d 357 (2000) (same), or at trial and on appeal. *State v. Stuckey*, 333 S.C. 56, 508 S.E.2d 564 (1998).

[2]The South Carolina Supreme Court transferred jurisdiction to the Court of Appeals after briefing.

[3]*See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988). *Johnson* sets forth the procedures for counsel to follow when filing meritless appeals in state PCR cases pursuant to *Anders v. California*, 386 U.S. 738 (1967). *Contra Pennsylvania v. Finley*, 481 U.S. 551 (1987) (prisoner, who had no equal protection or due process right to appointed counsel in post-conviction proceedings, also had no right to insist on *Anders* procedures for withdrawal of appointed counsel when collateral counsel determined direct appeal was frivolous).

3

>    (2)   Was trial counsel ineffective?[4]

The South Carolina Court of Appeals filed an order denying certiorari and granting counsel's request to be relieved on August 2, 2007, and it sent the remittitur to the Greenville County Clerk of Court on August 20, 2007.

In his petition now before this court, the petitioner raises the following allegation:

> **GROUND ONE:** Violation of 4th and 14th Amendments of the U.S. Constitution (Subject-Matter Jurisdiction).
>
> **SUPPORTING FACTS:** Judge (John Few) and the State (Judith Munson) conspired to falsely a[s]serted jurisdiction to search and seize evidence that was irrelevant to the State's case from a unarrested suspect. The June 21, 2002 Order was never filed with the Clerk of Court, because it bears no case number. There was no hearing held to establish probable cause to obtain this evidence under oath or affidavit.

On January 24, 2008, the respondent filed a motion for summary judgment. By order filed January 25, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his opposition to the motion on February 25, 2008.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on

---

[4] In a subsequent letter to Chief Justice Toal, the petitioner complained of ineffective assistance of PCR counsel, and he argued the issue asserted in ground one. A copy of the letter and a copy of the "Pro Se Petition for Writ of Certiorari" is attached to the respondent's return.

4

>the merits in State court proceedings unless the adjudication of the claim –
>
>>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
>(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

>The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

5

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

## ANALYSIS

The petitioner alleges that the trial court lacked subject matter jurisdiction and that the prosecutor and Judge John Few, who signed an order directing the petitioner to submit to having a sample of his blood drawn and impressions of his palms taken, conspired to violate his Fourth and Fourteenth Amendment rights based upon an illegal search and seizure of "evidence that was irrelevant to the State's case from a[n] unarrested suspect. The June 21, 2002, order was never filed with the Clerk of Court, because it bears no case number. There was no hearing held to establish probable cause to obtain this evidence under oath or affidavit" (pet. 6).

At trial on the charge of burglary in the first degree, the petitioner's counsel moved to suppress evidence taken pursuant to an order that was signed by Judge Few and filed by the Clerk of Court on June 21, 2002 (App. 213-15). That order noted that a hearing on the State's motion to obtain a blood sample and palm prints from the petitioner had been held on June 21st, and the court found the relief sought to be reasonable. Accordingly, the order directed the petitioner to submit to having a sample of his blood drawn and impressions of his palms taken for comparison with a sample of blood and palm prints found at the scene of a burglary. The petitioner claimed at trial that he was not served with a copy of the order, that the officers who came to pick him up did not have proper jurisdiction, and that the blood was not properly sealed, transported, or kept (App. 8). The trial judge heard testimony on the issues (App. 9-14, 20-25) and denied the motion to suppress the evidence (App. 25).

In *Stone v. Powell*, 428 U.S. 465 (1976), Powell, like the petitioner in this case, argued that evidence used in his trial was the product of an illegal search. The Supreme Court held that federal courts could not, on a state prisoner's petition for a writ of habeas corpus, consider a claim that evidence obtained in violation of the Fourth Amendment should have been excluded at his trial, when the prisoner has had an opportunity for full and fair litigation of that claim in the state courts. *Id.* at 481-82. *See also Cardwell v. Taylor*, 461 U.S. 571, 572 (1983) (finding the *Stone v. Powell* doctrine applicable where the defendant "argued that evidence used in his trial was the product of an illegal arrest"); *Dortch v. O'Leary*, 863 F.2d 1337, 1342 (7th Cir.1988) (refusing to reverse state court's Fourth Amendment rulings concerning evidence that was derived from an allegedly illegal arrest because "it is precisely this type of consideration [that] *Stone v. Powell* precludes.") (citation and quotation marks omitted); *Jones v. Superintendent of Rahway State Prison*, 725 F.2d 40, 42 (3rd Cir.1984) (holding that "consideration of a claim that evidence admitted at trial was the fruit of an illegal arrest could not be considered on

7

a habeas corpus petition so long as the state courts had afforded a full and fair opportunity to litigate that claim"). Here, the petitioner was given a full and fair chance to litigate the present issue in state court, and therefore federal habeas review is not available. *Id*.

The petitioner provides no support for his claim that the trial court lacked subject matter jurisdiction. Further, such a claim is not cognizable in federal habeas corpus. *See Wright v. Angelone*, 151 F.3d 151 (4th Cir. 1998); *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir.1976) (a "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary"). *See also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."). According, such a claim also fails.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing,[5] it is recommended that the respondent's motion for summary judgment (doc. 14) be granted.

s/William M. Catoe
United States Magistrate Judge

May 1, 2008

Greenville, South Carolina

---

[5] The respondent argues that "[e]ven if the Court determines that Petitioner is attempting to allege an ineffective assistance of counsel claim," the claim fails because it is procedurally defaulted. This court has reviewed the petition and the petitioner's response to the motion for summary judgment, and it does not appear that he has alleged an ineffective assistance of counsel claim. Accordingly, such a claim has not been addressed in this report.

8